IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00264-PAB

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**JAVIER FERNANDO TORRES-FLORES**

    Defendant.

**UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE**

    Mr. Torres-Flores, by and through undersigned counsel Lindsay Brown, appointed pursuant to the Criminal Justice Act, moves this Court pursuant to 18 U.S.C. § 3161(h)(7)(A) to continue the existing motions filing deadline, pre-trial conference date, and trial date of November 7, 2022, to on or around December 7, 2022, resulting in a 30 days exclusion from the Speedy Trial Act computation, and in support thereof, states:

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

    On August 17, 2022, an indictment was filed against Mr. Torres-Flores charging one count of illegal reentry (ECF #1). An arrest warrant issued the same day. (ECF #2). He was arrested and appeared before the court for an Initial Appearance on August 31, 2022. (ECF #7). On September 2, 2022, Mr. Torres-Flores was arraigned on the indictment and entered a plea of not guilty to the charged count. (ECF #11). On September 7, 2022, an Order setting dates was entered requiring the filing of pretrial motions by September 27, 2022, and scheduling a three-day Jury Trial for November 7, 2022. (ECF #14).

Undersigned counsel received discovery on September 2, 2022. The batch of discovery is not complicated or large, and defense counsel has reviewed the discovery in its entirety. Defense counsel and the attorney for the government, AUSA Albert Buchman, have communicated about this case and continue to confer to determine if a mutually agreeable resolution can be reached. Mr. Torres-Flores is in-custody and requires the assistance of an interpreter to confer with defense counsel. Defense counsel arranged to meet with Mr. Torres-Flores with the assistance of an interpreter and did so at length on September 21, 2022. Defense counsel intends to meet with Mr. Torres-Flores again in the immediate future as the parties work to determine if a resolution short of trial can be reached.

While at this time the parties are optimistic that a disposition short of trial will be reached, Mr. Torres-Flores requests the Court exclude 30 days from the Speedy Trial Act calculation and extend the motions filing deadline in an abundance of caution.

Defense counsel conferred with the government about this request, and AUSA Buchman indicated that he does not object to a continuance of the motions filing deadline and jury trial date, resulting in a 30 day exclusion of time from the Speedy Trial Act computation.

## **LAW REGARDING REQUESTS FOR CONTINUANCES**

This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a

continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(I). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)).

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered because of the court's denial of the continuance.

## **ARGUMENT**

Defense counsel's request for a continuance satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7) and factors set forth in *United States v. West*. Since appointment on August 31, 2022, defense counsel has reviewed all discovery disclosed to date, established an attorney-client relationship with Mr. Torres-Flores and met with him in-custody, and engaged in plea bargain discussions with the government. The need for the continuance – effective representation – outweighs any harm to the government's

case, as illustrated by the government's amenability to this request. Therefore, the *West* factors have been satisfied. If a continuance is not granted, a miscarriage of justice would result, and defense counsel will be denied the reasonable time necessary for effective representation of Mr. Torres-Flores.

For these reasons, defense counsel respectfully requests a 30-day exclusion of Mr. Torres-Flores's speedy trial rights and continuance of the current motions filing deadline, pre-trial conference, and trial dates.

DATED this 27th day of September 2022.

Respectfully submitted,
By: s/ Lindsay Brown

Lindsay Brown, Atty Reg No. 41212
2nd-Chair, LLC
1600 Stout Street Suite 1400
Denver, CO 80202
Telephone: 303-868-5170
LindsayR@2nd-chair.com

# **UNITED STATES DISTRICT COURT**
# **FOR THE DISTRICT OF COLORADO**
# **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2022, I filed the foregoing Unopposed Motion for Ends of Justice Continuance with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the court and following parties:

United States Attorney's Office – District of Colorado

s/ Lindsay Brown
Lindsay Brown
2nd-Chair, LLC
Denver, Colorado
