EN EL JUZGADO FEDERAL DE PRIMERA INSTANCIA
PARA EL DISTRITO DE COLORADO

Caso penal No. 22-cr-00264-PAB

ESTADOS UNIDOS DE AMÉRICA,

  Parte demandante,

contra.

JAVIER FERNANDO TORRES-FLORES,

  Acusado.

## CONVENIO DE ACEPTACIÓN DE CULPABILIDAD

La fiscalía federal por conducto del delegado de la fiscalía federal para el distrito de Colorado Cole Finegan y Albert Buchman, delegado de la fiscalía federal y el acusado Javier Fernando Torres-Flores, personalmente y por conducto de su abogada Lindsay Brown, por la presente, presentan este convenio de aceptación de culpabilidad, de conformidad con D.C.COLO.LCrR 11.1. Este convenio le es vinculante únicamente a la división penal de la fiscalía federal para el distrito de Colorado y el acusado.

I. **CONVENIO**

**A. Solicitud por parte del acusado a aceptar culpabilidad:**

El acusado conviene

(1)  en aceptar su culpabilidad ante el único cargo en la acusación formal, imputándole una contravención de la sección 1326(a) del Título 8 del

1



   Código Estadounidense reingreso ilícito de un extranjero que ya había sido deportado previamente, acordando a un incremento en la penalidad de conformidad con la sección 1326(b)(2).

(2) renunciar a ciertos derechos de apelación y ataque colateral, tal como quedan expuestos en detalle a continuación.

(3) admitir a un alegato de contravención de grado C en el distrito de Colorado, número de caso 17-cr-00010-RBJ, ECF No. 120.

### B. *Las obligaciones de la fiscalía federal*

Este Convenio se celebra de conformidad con las R.Crim.P. 11(c)(1)(B). A cambio de la aceptación de culpabilidad del acusado y la renuncia a ciertos derechos de apelación, la fiscalía federal acuerda:

(1) Solicitar una sentencia en lo mínimo del alcance de las pautas resultantes de una disposición de "resolución rápida."

(2) Siempre y cuando el acusado no participe en conducta prohibida o que de otra forma implique el U.S.S.G. secciones 3C1.1 y 3E1.1, cmt. n.4 entre el momento en que se declare culpable y la imposición de la condena en este caso la fiscalía conviene que el acusado debe recibir una reducción de dos niveles por haber aceptado responsabilidad de conformidad con lo establecido en USSG sección 3E1.1(a).

(3) En el caso del distrito de Colorado, caso número 17-cr-00010-RBJ, una vez que el acusado admita la contravención de un grado C: (1) retirar cualquier alegato restante, (2) solicitar una sentencia en lo mínimo de las pautas condenatorias de carácter consultor determinadas para este delito, y (3) recomendar que la sentencia a imponer por el delito cometido por el acusado se purgue consecutivamente a cualquier sentencia que se imponga en el caso actual.

Las partes dan por entendido que este convenio no le es vinculante al Juez.

C. *Convenio de disposición temprana ("resolución rápida")*

2

Este convenio de aceptación de culpabilidad se celebra de conformidad con el programa de disposición temprana ("resolución rápida") del distrito de Colorado basado en U.S.S.G. la sección 5K3.1 ("programas de disposición temprana"). La fiscalía conviene radicar un pedimento para que se le reduzca un nivel de conformidad con U.S.S.G. la sección 5K3.1 ("programas de disposición temprana"). A pesar de que el acusado no califica para una reducción de tres niveles, en intercambio por el pedimento de una reducción de un nivel, el acusado conviene renunciar a ciertos derechos de apelación, los cuales se describen con mayor detalle a continuación. Las partes dan por entendido que las pautas son únicamente de carácter consultor.  La fiscalía federal y el acusado estipulan y convienen que esta disposición de resolución rápida es adecuada y resulta en una sentencia que avanza las metas de la imposición de sentencias expuestas en la sección 3553(a) del Título 18 del Código Estadounidense

**D.     *Renuncia por parte del acusado a sus derechos de apelación:***

El acusado sabe que la sección 3742 del Título 18 del Código Estadounidense le garantiza a todo acusado apelar la pena impuesta, incluyendo la manera en la que dicha condena se determine. Entendiendo lo anterior y a cambio de las concesiones hechas por la fiscalía como parte de este Convenio, el acusado renuncia, consciente y voluntariamente, a su derecho de apelar cualquier cuestión relacionada con este encauzamiento, condena o pena (incluyendo un mandato de resarcimiento) a menos de que cumpla con uno de los criterios siguientes:

(1) que la condena impuesta sea superior a la pena máxima dispuesta por la ley bajo cual se le juzgue culpable de conformidad con las secciones 1326(a), (b)(2) del Código Estadounidense 18.

(2) que la sentencia exceda el margen de las pautas condenatorias de carácter consultor que corresponden a los antecedentes penales del acusado (tal como lo determine el Juez de primera instancia) a un total de nivel delictivo de 12; o

(3) que la fiscalía apele la sentencia impuesta.

Si el primer criterio aplica, el acusado puede hacer valer su derecho de apelación únicamente en el tema de que su sentencia excede la pena máxima dispuesta por ley. Pero si uno de los otros dos criterios aplica, el acusado puede hacer valer su derecho de apelación que, por otra parte, esté a su disposición en una apelación subsecuente a una declaración de culpabilidad.

El acusado, con conocimiento de causa y voluntariamente también renuncia a su derecho a impugnar este enjuiciamiento, condena o pena (incluyendo una orden de resarcimiento) con un ataque colateral, (incluyendo, pero no limitando a un pedimento radicado bajo la sección 2255, del Título 28 del Código Estadounidense) Esta renuncia, sin embargo, no impedirá que el acusado solicite un alivio que por otra parte esté a su disposición en un ataque colateral fundamentado en uno de los siguientes motivos:

(1) el acusado debe recibir el beneficio de una modificación que sea evidentemente retroactiva en las pautas condenatorias federales o a la ley bajo la cual se imponga su pena,

(2) al acusado se le privó de asesoría jurídica eficaz; o

(3) el acusado fue prejuiciado por conducta indebida por parte de la fiscalía.

4

El acusado también renuncia a su derecho de apelar cualquier sentencia impuesta dentro del margen de las pautas en caso de revocación de la libertad supervisada en este número de caso, salvo cuando el acusado, sin éxito, presente una objeción al grado al que el Juez le aplique al quebrantamiento durante las diligencias de revocación. De ser así, esta renuncia no aplica y el acusado puede apelar la sentencia impuesta una vez que se le revoque la libertad supervisada, aunque esa sentencia sea menor o dentro del margen de las pautas calculadas por el Juez.

Asimismo, el acusado renuncia a su derecho de apelar la negación de cualquier pedimento radicado de conformidad con la sección 3582(c)(1)(A) del Título 18 del Código Estadounidense bajo el cual dicha negación se basa en que la determinación del Juez indicando que la reducción de la sentencia no se justifica de conformidad a los factores de la sección 3553(a) Título 18 del Código Estadounidense Esta renuncia no aplica si se apela el pedimento negado bajo la sección 3582(c)(1)(A)(i) en la cual el Juez al negar el pedimento conforme la sección 3553(a) no tomó en consideración los factores que supuestamente establecen circunstancias extraordinarias y convincentes como parte del análisis de la sección 3553(a)

## II. ELEMENTOS DEL DELITO

Las partes convienen que los elementos del delito al cual el acusado se declarará culpable son los siguientes:

*Primero:* El acusado era un extranjero (no ciudadano o nacional de los Estados Unidos)

al momento en que se giró la supuesta acusación formal;

*Segundo:* al acusado se le había deportado previamente de los Estados Unidos;

*Tercero:* el acusado con conocimiento de causa entró y lo encontraron en los Estados Unidos;

*Cuarto:* el acusado no había recibido el consentimiento de las autoridades competentes para volver a aplicar para ser admitido en los Estados Unidos.

Nota: Las partes convienen que la disposición expuesta en la sección 1326(b)(2) del Título 8 del Código Estadounidense aplica.

Este no es un elemento esencial del delito, sino que un factor en la imposición de la sentencia para el Juez. *Vea Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

### III.  PENA MÁXIMA DISPUESTA POR LEY

La pena máxima por una contravención de las secciones 1326(a) y (b)(2) del Título 8 del Código Estadounidense es de no más de 20 años. no más de una multa de $250,000, o ambas, no más de tres años de libertad excarcelaria supervisada; una tasación especial de $100.

### IV.  CONCECUENCIAS COLATRALES

El que se le haya encontrado culpable de este delito mayor, puede resultar en pérdida de derechos civiles, incluyendo, pero no limitado al derecho a tener armas de fuego, votar, ocupar un puesto público o ser miembro de un jurado. Si el acusado es un extranjero, el que se le encuentre culpable puede resultar en que se le deporte y expulse

de los Estados Unidos o que quede detenido indefinidamente si no hay un país al cual pueda ser deportado, que se le niegue la admisión a los Estados Unidos en un futuro y/o que se le niegue la ciudadanía.

## V. ESTIPULACIÓN DE LOS HECHOS

Las partes convienen que existen hechos reales que respaldan la declaración de culpabilidad que presentará este acusado de conformidad con ese convenio de aceptación de culpabilidad. Los hechos pertinentes quedan expuestos a continuación. Debido a que el Juez debe, como parte de su metodología de imposición de la pena; considerar el margen de las pautas para una determinada condena, considerar el acto correspondiente y los otros factores expuestos en la sección 3553 del Título 18 del Código Estadounidense, ' hechos adicionales que se pueden incluir a continuación que son pertinentes a tales consideraciones y cómputos. A la media que las partes no estén de acuerdo con los hechos presentados, lo expuesto a continuación, identifica los hechos que se sepan controvertidos al momento de celebrar el convenio de aceptación de culpabilidad.

Esta estipulación a los hechos no previene que una de las partes le presente posteriormente al Juez hechos reales adicionales que no contradicen los hechos a los que las partes han estipulado y que son pertinentes a los cómputos de las pautas por parte del Juez de conformidad con los factores de la sección 3553 del Título 18 del Código Estadounidense o la decisión del Juez relacionada con la imposición de la condena.

7

Las partes estipulan que los hechos siguientes son verdaderos y correctos:

El acusado, JAVIER FERNANDO TORRES-FLORES, es un hombre de 27 años de edad, nacido y ciudadano de Honduras, por haber nacido en Francisco Morazán, Honduras, el 1 de agosto, 1995. El acusado ingresó a los Estados Unidos, ilícitamente, en un lugar desconocido en o después de julio 5, 2018. Se determinó que al acusado lo expulsaron de los Estados Unidos a Honduras el 5 de julio, 2018 por Fort Worth Texas, después de que se le encontró culpable de un delito mayor con agravantes. El acusado no ha solicitado permiso del Procurador General de los Estados Unidos para reingresar a los Estados Unidos después de su expulsión.

Al acusado lo encontraron funcionarios de inmigración en los Estados Unidos el 3 de febrero, 2020.

Al acusado lo encontraron culpable el 13 de abril, 2017 en el Tribunal De Primera Instancia, en el distrito de Colorado, caso número 2017-cr-00010-RBJ, por el delito de distribución y tenencia con intención de distribuir una sustancia regulada por ley en contravención de las secciones 841(a)(1) y (b)(1)(C), del Título Estadounidense 21, un delito por el cual se le sentenció a un término de 21 meses de encarcelamiento y tres años de libertad excarcelaria supervisada.

Al acusado lo encontraron culpable el 4 de junio, 2013 en el Tribunal de Primera Instancia en el condado de Harris, Texas por el delito de allanamiento de una habitación con la intención de cometer hurto, contraviniendo el P.C. sección 30.02(c)(2), un delito

mayor del listado 2, por el cual se le sentenció a dos años en la División Institucional, en el Departamento de Justicia Penal de Texas. No. de caso 137486301010.

En un caso por separado, al acusado lo encontraron culpable el 4 de junio, 2013 en el Tribunal de Primera Instancia en el condado de Harris, Texas por el delito de allanamiento de una habitación con la intención de cometer hurto, contraviniendo el P.C. sección 30.02(c)(2), un delito mayor del listado 2, por el cual se le sentenció a dos años en la División Institucional, en el Departamento de Justicia Penal de Texas. No. de caso 137486201010.

## VI. COMPUTO DE LAS PAUTAS CONDENATORIAS DE CARÁCTER CONSULTOR <u>Y NOTIFICACIÓN DE LA SECCIÓN 3553 DEL TÍTULO 18 DEL CÓDIGO ESTADOUNIDENCE</u>

Las partes dan por entendido que las pautas condenatorias de imposición de la pena son únicamente de carácter consultor, pero representan el punto de partida y punto de referencia para la imposición de la pena. Las partes estipulan que la imposición de la pena en este caso se va a determinar al consultar los factores de imposición de la pena que se encuentran en la sección 3553(a) del del Título 18 del Código Estadounidense. En determinar la sentencia a imponer, le queda requerido al Juez tomar en cuenta siete factores. Uno de esos factores es el margen de la condena computada por el Juez en conformidad con las pautas emitidas por la Comisión de Sentencias Estadounidense.

Para asistirle al Juez en este tema, las partes exponen, a continuación, sus cálculos del margen de las pautas condenatorias de carácter consultor, en conformidad con las

Pautas Estadounidenses para la Formulación de Sentencias Federales. En la medida que las partes discrepen en el cómputo de las pautas condenatorias, lo expuesto a continuación identifica cuales son los temas en discrepancia.

Los cálculos de las pautas a continuación son una estimación generada en buena fe por las partes, pero es únicamente una estimación. Las partes dan por entendido que la fiscalía tiene la obligación independiente de ayudarle al Juez a determinar el correcto margen de las pautas. Con ese fin, la fiscalía puede presentar argumentos legales o fáticos que afectan el estimado a continuación.

A. La base de nivel delictivo de es **8**. U.S.S.G. sección 2L1.2(a).

B. Las características específicas del delito hay un incremento de **6 niveles** porque después que se ordenó que fuera expulsado, el acusado participó en conducta delictiva que resultó en que lo encontraran culpable de un delito mayor (otro delito de reingreso ilícito) por el cual se le impuso una sentencia de un año y un mes. U.S.S.G. sección 2L1.2(b)(3)(C).

C. En la comisión del delito no hay víctimas, participación, obstrucción/o múltiples ajustes por cargos.

D. El nivel delictivo ajustado por lo tanto sería de **14.**

E. El acusado debe recibir una reducción de **2 niveles** por aceptación de responsabilidad de conformidad con la sección 3E1.1 El nivel delictivo ajustado resultante por lo tanto sería de **12**.

10

F.      Las partes dan por entendido que el computo de los antecedentes penales del acusado es provisional. La categoría de antecedentes penales la determina el Juez basándose en las previas veces que se le haya encontrado culpable al acusado. En base a la información que le está disponible a las partes, se calcula que la categoría de los antecedentes penales del acusado sería **IV.**

G.      Suponiendo que los hechos relacionados con los antecedentes penales conocidos a la fecha son correctos, el ajuste por ser un delincuente de carrera/vivir del crimen/ ser un criminal de carrera armado, no aplican.

H.      <u>Encarcelamiento:</u> El margen de las pautas resultantes de un nivel delictivo de **12**, y el historial delictivo previamente mencionado es de **21-27** meses. Sin embargo, para ser tan precisos como nos sea posible, contando con una categoría de antecedente penales indeterminada en estos momentos, el nivel delictivo calculado anteriormente podría resultar en un alcance de 10 meses (lo más bajo en la Categoría I) hasta 37 meses (lo más alto en la Categoría VI)

<u>Nota</u>: Tal como se ha indicado anteriormente, La fiscalía conviene solicitar una reducción de un nivel dada la disposición de "resolución rápida." El margen de encarcelamiento resultante de un de un nivel delictivo de **11** y un historial penal de **IV** sería de **18-24 meses**.

I.      <u>Multa:</u> De conformidad con la pauta sección 5E1.2, asumiendo que el nivel delictivo calculado anteriormente es de **12**, el margen de la multa correspondiente a este delito sería de $5,500 a $55,000, más las multas y el interés aplicable.

11

J.   Libertad supervisada: El margen de las pautas de la libertad supervisada de conformidad con

la sección 5D1.2 es de por lo menos de un año, pero de no más de tres años.

Las partes dan por entendido que, aunque el Juez va a considerar los cálculos de las pautas presentados, el Juez debe llegar a su propia determinación respecto a el margen aplicable de las putas. Al hacerlo, el Juez no está obligado a plegarse a ninguna postura adoptada por ninguna de las partes. Las partes dan por entendido que el Juez cuenta con toda libertad y una vez que el Juez haya considerado y aplicado adecuadamente todos los factores de la sección 3553 del Título 18 del Código Estadounidense, impondrá una condena razonable, la cual él considera adecuada en el ejercicio de su facultad discrecional y que dicha condena puede ser menor a lo indicado por el margen de las pautas (en duración y forma), dentro del margen de las pautas, e inclusive el periodo máximo de reclusión que dispone la ley sin tomar en cuenta los márgenes computados o la postura de ninguna de las partes o factores de la sección 3553 del Título 18 del Código Estadounidense.

## VII.   TOTALIDAD DEL CONVENIO

Este documento expone la totalidad del acuerdo entre las partes. No existe alguna otra promesa, convenios (o "convenios laterales"), términos, condiciones o garantías implícitas o explícitas. Al formalizar este acuerdo, ni la fiscalía ni el acusado se basan, o se han basado en algún término, promesa condición o garantía que no se haya expuesto expresamente en este Convenio.

Fecha: 11/22/22

JAVIER FERNANDO TORRES-FLORES
   Acusado

Fecha: 11/22/22

Lindsay Brown
Abogada representando al acusado

Fecha: 11/28/22

Albert Buchman
   Delegado de la fiscalía federal

13

CERTIFICATE OF TRANSLATION

Case number 22-cr-00264-PAB

I, Bety Ziman, do hereby attest that the attached document is an accurate translation of the original document provided to me electronically in English and that I am competent to render such translation into Spanish.

The undersigned translator is certified by the Administrative Office of United States Courts, Certificate number 02-023, is certified by LionBridge Federal as a Spanish/English, Hebrew/English Interpreter and evaluator, and by the National Consortium of State Courts, registration number 07-70 is the holder of a certificate from the University of the Arizona Institute of Court Interpretation, as well as from the Institute for Interpreters and Translators in Monterey Cal., and is a member of the National Association of Judicial Interpreters and Translators, of the American Translators Association, the Colorado Association of Professional Interpreters and the Colorado Translators Association

Signature: /s/ Bety Ziman     Date:  11/3/22
         Bety Ziman
         255 S. Holly St.
         Denver, CO 80246