**EN EL JUZGADO FEDERAL DE PRIMERA INSTANCIA
PARA EL DISTRITO DE COLORADO**

Caso penal No. 22-cr-00264-PAB

ESTADOS UNIDOS DE AMÉRICA,

    Parte demandante,
contra

**JAVIER FERNANDO TORRES-FLORES**

    Acusado

---

**DECLARACIÓN POR PARTE DEL ACUSADO PREVIA A SU ACEPTACIÓN DE CULPABILIDAD**

---

    Reconozco y certifico que se me ha informado de los hechos y derechos numerados a continuación; que todas las afirmaciones aquí contenidas son veraces y correctas y que mi abogada me ha ayudado a repasar y completar este documento.

    1.    Mi abogada me ha explicado la índole de los cargos imputados en mi contra. He tenido la oportunidad de hablar con mi abogada acerca de ambos la índole de los cargos, así como los elementos del mismo, que le queda a la fiscalía requerido comprobar.

    2.    Sé, que cuando me sentencie el Juez, va a considerar muchos factores. Estos factores quedan enumerados en la sección 3553 del Título 18 del Código Estadounidense e incluye (a) la índole y las circunstancias del delito y mi historial personal y características, (b) la necesidad de una condena que refleje la gravedad del delito, promueva el respeto por la ley, proporcione un castigo justo, ofrezca disuasión,

1

COURT EXHIBIT
2A

proteja al público y me provea con la capacitación necesaria, atención o tratamiento correccional de la manera más eficaz, (c) el tipo de condenas que le estén disponibles al Juez, (d) las pautas condenatorias de carácter consultor establecidas por la Comisión Federal Estadounidense de Imposición de Penas, (e) las políticas pertinentes de la Comisión Federal Estadounidense de Imposición de Penas; (f) la necesidad de evitar disparidades injustificadas entre las penas impuestas a los acusados con antecedentes similares, que han sido hallados culpables de conductas similares y (g) la necesidad de proporcionar indemnización por delitos.  Ninguno de estos factores es predominante o determinante. Reconozco que después de considerar esos factores, el Juez podría imponer cualquier pena en mi caso, inclusive una pena tan severa como el plazo máximo de reclusión, la multa máxima, la indemnización total (si correspondiera), el periodo máximo de libertad supervisada, un recargo especial como se explica a continuación en el párrafo 3

3.      Yo sé que las penas siguientes se pueden llegar a imponer como resultado de mi declaración de culpabilidad al cargo único de la acusación formal que imputa que "en o alrededor del 3 de febrero, 2020, en el estado y distrito de Colorado, encontraron al acusado JAVIER FERNANDO TORRES-FLORES, en los Estados Unidos, un extranjero, después de que se le había negado la admisión, excluido, deportado o expulsado de los Estados Unidos en o alrededor del 5 de julio, 2018, sin haber obtenido el consentimiento específico de las debidas autoridades legales para volver a aplicar para ser admitido a los Estados Unidos." Todo esto en contravención del Título 8, del Código Estadounidense, sección 1326(a).

      a.    La pena máxima por una contravención de las secciones 1326(a) y (b)(2) del Título 8 del Código Estadounidense es de no más de 20 años. no más de una multa de $250,000; o ambas, no más de tres años de libertad excarcelaria supervisada;, una tasación especial de $100.

      4.    Entiendo que, si me condenan por más de un cargo, se puede ordenar que cumpla mis penas de forma concurrente (al mismo tiempo) o consecutivamente (por separado o una inmediatamente después de la otra) a menos que la pena dispuesta por ley referente al delito por el que sea condenado exija expresamente que la pena impuesta se cumpla consecutivamente.

      5.    Sé que, además de todo castigo que me imponga el Juez, la aceptación de culpabilidad de un delito tendrá repercusiones colaterales. Estas repercusiones no las impone ni las controla el Juez. Por ejemplo; aceptar mi culpabilidad puede acarrear la pérdida de derechos civiles, incluyendo, pero no limitando al derecho a tener armas de fuego, votar, ocupar un puesto público y ser miembro de un jurado. Y si no soy ciudadano estadounidense, estas consecuencias podrán incluir la deportación de los Estados Unidos o la reclusión por un plazo indefinido si no hubiera un país al cual se me pudiera deportar, la denegación de ingresar a los Estados Unidos en el futuro y la denegación de la ciudadanía.

      6.    Sé que, no existe la libertad anticipada en el sistema federal y que tendré que cumplir la pena de reclusión que se me imponga, en su totalidad, reducida únicamente por la participación en ciertos programas o por buena conducta, según lo disponga el Congreso y lo implemente el Departamento de Prisiones.

7.    Sé que, si como parte de mi sentencia se impone una multa o se ordena el pago de indemnización, me veré obligado a pagar intereses sobre la cantidad que exceda $2,500 dólares, a no ser que la multa o indemnización se pague en su totalidad antes del quinceavo día, contando a partir de la imposición de la sentencia o que el Juez me exima el pago de intereses.

8.    Sé que, si se impone el pago de una multa o indemnización como parte de mi sentencia, tendré que pagarla oportunamente. El incumplimiento de dicha obligación podrá dar lugar a sanciones monetarias, cobranzas por parte del gobierno, la posible revocación de todo programa de libertad condicional o libertad supervisada, o a un proceso judicial por "Impago Delictivo" según la sección 3615 del Título 18 del Código Estadounidense.

9.    Sé que, tengo derecho a ser representado por un abogado durante todas las etapas de ese proceso y que, si no cuento con los recursos para contratar un abogado, se me asignará un abogado para que me represente sin costo alguno para mí.

10.   Sé que, tengo derecho a responder "no culpable;" y entiendo que, si respondo "no culpable," puedo insistir con dicha declaración y exigir un juicio.

11.   Sé que, tengo derecho a un juicio por jurado; puedo exigir que se lleve a cabo y entiendo que si decido llevar mi caso a juicio:

a.    Tengo derecho a contar con la asesoría de un abogado durante toda y cada etapa;

b.    Tengo derecho a ver y observar a los testigos que declararían en mi contra;

c.	Mi abogada puede contrainterrogar a todos los testigos que declaren;

d.	Puedo llamar y presentar testigos y las pruebas pertinentes que desee, y puedo obtener citatorios judiciales para obligar a dichos testigos a comparecer y rendir testimonio;

e.	Si no cuento con los recursos para pagar los gastos incurridos por los testigos, el gobierno los pagará, inclusive gastos de viaje por concepto de distancia recorrida medida en millas y los honorarios razonables de testigos periciales;

f.	No se me podrá obligar a inculparme a mí mismo ni tener que testificar en juicio alguno;

g.	Sin embargo, yo puedo declarar en mi juicio si así lo deseo; y no tengo que tomar la decisión de testificar o no hasta haber escuchado las pruebas presentadas en mi contra por la fiscalía;

h.	Si decido que no quiero declarar en mi juicio, se informará a los integrantes del jurado que no deben inferir mi culpabilidad ni llegar a conclusión alguna que me perjudique por no haber testificado;

i.	Para que se me halle culpable, la fiscalía deberá de comprobar cada uno de los elementos del delito que se me imputa, más allá de una duda razonable;

j.	Para que se me halle culpable, los integrantes del jurado deberán llegar a un veredicto unánime; es decir, todos los integrantes del jurado deberán estar de acuerdo en que soy culpable:  y

k.	Si me condenan, podría apelar el fallo de culpabilidad, así como la pena impuesta posteriormente por el Juez y si no contara con los recursos para pagar una

5

apelación, el gobierno pagaría los gastos de la apelación inclusive los servicios de un abogado asignado para representarme

12. Entiendo que, si acepto mi culpabilidad, no habrá juicio alguno;

13. Entiendo que, si acepto mi culpabilidad, no se revisará, por apelación, la cuestión de que si soy o no culpable del/los delitos(s) por el/los cual he aceptado culpabilidad.

14. Sé que los términos de mi convenio de aceptación de culpabilidad con el gobierno contienen una renuncia a la apelación. Debido a ello, yo sé que no puedo solicitar una revisión por apelación de (1) la sentencia impuesta por el Juez en este caso; (2) la denegación de cualquier pedimento radicado de conformidad con la sección 3582(c)(1)(A) del Título 18 del Código Estadounidense; o (3) cualquier sentencia impuesta por debajo o dentro del margen de las pautas una vez que se revoque la libertad supervisada salvo en circunstancias, si es que alguna, permitidas en mi convenio de aceptación de culpabilidad.

15. Yo también renuncio a mi derecho de apelar cualquier sentencia impuesta por debajo o dentro del margen de las pautas en caso de revocación de la libertad supervisada en este número de caso, salvo cuando yo, sin éxito, presente una objeción al grado al que el Juez le aplique al quebrantamiento durante las diligencias de revocación. De ser así, esta renuncia no aplica y yo puedo apelar la sentencia impuesta una vez que se me revoque la libertad supervisada, aunque esa sentencia sea menor o dentro del margen de las pautas calculadas por el Juez.

16. Asimismo, el acusado renuncio a mi derecho de apelar la negación de cualquier pedimento radicado de conformidad con la sección 3582(c)(1)(A) del Título 18

del Código Estadounidense bajo el cual dicha negación se basa en que la determinación del Juez indicando que la reducción de la sentencia no se justifica de conformidad a los factores expuestos en la sección 3553(a) Título 18 del Código Estadounidense Esta renuncia no aplica si se apela el pedimento negado bajo la sección 3582(c)(1)(A)(i) en la cual el Juez al negar el pedimento conforme la sección 3553(a) no tomó en consideración los factores que supuestamente establecen circunstancias extraordinarias y convincentes como parte del análisis de la sección 3553(a)

17.  No se ha concertado acuerdo alguno ni se me ha informado de la pena que de hecho se impondrá en este caso, aparte de lo detallado explícitamente en el documento titulado "Convenio de Aceptación de Culpabilidad", el cual hemos firmado la fiscalía y yo. Entiendo, asimismo, que el Juez queda supeditado a lo convenido y estipulado en el documento titulado " Convenio de Aceptación de Culpabilidad " únicamente si las partes así lo solicitan al Juez en ese documento, de conformidad con la Regla 11 (c) (1) (C) y únicamente si el Juez está de acuerdo con dicha obligación al aceptar mi declaración de culpable.

18.  El único convenio de aceptación de culpabilidad concertado con la fiscalía es el que se expone en el documento titulado " Convenio de Aceptación de Culpabilidad ", firmado por la fiscalía y por mí mismo, que integro a la presente por referencia.

19.  Entiendo que el Juez no tomará decisión alguna referente a mi pena hasta haber recibido y revisado el informe pre condenatorio elaborado por el Departamento de Libertad Condicional. Entiendo que cuando me presente a aceptar mi

culpabilidad, el Juez podrá hacerme preguntas bajo juramento acerca del delito del cual me declaré culpable. Si dichas Si dichas preguntas se plantean en presencia de mi abogado y constan en el acta oficial, tendré que contestarlas y si doy alguna respuesta falsa podré ser enjuiciado por perjurio.

20.     Sé que tengo derecho a plantearle al Juez cualquier pregunta que tenga sobre mis derechos, estas diligencias, o mi declaración de culpable al cargo.

21.     Tengo 27 años de edad. Mi educación consiste en asistir a la secundaria hasta el grado _6_. Mi idioma materno es el español y me proporcionaron este documento, así como el Convenio de Aceptación de Culpabilidad en español y me lo explicó mi abogada con la ayuda de un intérprete que domina el español. No estoy tomando medicamentos que interfieran con mi capacidad de entender las diligencias en esta causa, o que afecten mi capacidad de escoger si deseo aceptar mi culpabilidad.

22.     Aparte de las promesas que la fiscalía ha convenido en el documento titulado "Convenio de Aceptación de Culpabilidad", nadie me ha hecho promesa o amenaza alguna para inducirme o persuadirme a aceptar mi culpabilidad en este caso.

23.     Nadie me ha prometido que recibiré libertad condicional, detención domiciliaria ni otro tipo de pena específica, que yo desee, debido a mi aceptación de culpabilidad.

24.     He tenido tiempo suficiente para hablar acerca de este caso y mi intención de aceptar mi culpabilidad con mi abogada. No deseo consultar más con mi abogada antes de aceptar mi culpabilidad.

25.     Estoy contento con los servicios proporcionados por mi abogada. Creo que me ha representado de forma eficaz y competente en este caso.

8

26. He tomado la decisión de aceptar mi culpabilidad después de pensarlo cuidadosa y detenidamente, teniendo en cuenta los consejos de mi abogada y con el pleno entendimiento de mis derechos, los hechos y circunstancias del caso y las posibles consecuencias de mi aceptación de culpabilidad. Cuando tomé la decisión de aceptar mi culpabilidad no me encontraba bajo los efectos de droga, medicamento o sustancia embriagante alguna que pudiera afectar mi capacidad de tomar decisiones. En este momento no me encuentro bajo los efectos de droga, medicamento ni sustancia embriagante alguna.

27. Deseo aceptar mi culpabilidad y no tengo ninguna duda acerca de mi decisión.

28. Por lo que se refiere a mi conducta, el relato de los hechos incluidos en el "Convenio de Aceptación de Culpabilidad" es fiel y veraz a excepción de lo que he indicado en ese documento.

29. Sé que tengo la libertad de modificar o borrar cualquier parte de este documento y que puedo enumerar mis objeciones y desacuerdos con cualquier parte del documento titulado "Convenio de Aceptación de Culpabilidad." Acepto ambos documentos tal y como están redactados actualmente.

30. Deseo declararme culpable a los siguientes cargos: al cargo único de la acusación formal que imputa que "en o alrededor del 3 de febrero, 2020, en el estado y distrito de Colorado, encontraron al acusado JAVIER FERNANDO TORRES-FLORES, en los Estados Unidos, un extranjero, después de que se le había negado la admisión, excluido, deportado o expulsado de los Estados Unidos en o alrededor del 5 de julio, 2018, sin haber obtenido el consentimiento específico de las debidas autoridades

legales para volver a aplicar para ser admitido a los Estados Unidos." Todo esto en contravención del Título 8, del Código Estadounidense, sección 1326(a).

Fechado este día __22__ de noviembre, 2022.

_____
JAVIER FERNANDO TORRES-FLORES, acusado

I certify that I have discussed this statement and the document entitled "Plea Agreement" with the defendant. I certify that I have fully explained the defendant's rights to him or her and have assisted him or her in completing this form. I believe that the defendant understands his rights and these statements.

Fechado este día __22__ de noviembre, 2022.

_____
Lindsay Brown, Atty Reg No. 41212
2nd-Chair, LLC
1600 Stout Street Suite 1400
Denver, CO 80202
Teléfono: 303-868-5170
LindsayR@2nd-chair.com

## CERTIFICATE OF TRANSLATION

Case number 22-cr-00264-PAB

      I, Bety Ziman, do hereby attest that the attached document is an accurate translation of the original document provided to me electronically in English and that I am competent to render such translation into Spanish.

The undersigned translator is certified by the Administrative Office of United States Courts, Certificate number 02-023, is certified by LionBridge Federal as a Spanish/English, Hebrew/English Interpreter and evaluator, and by the National Consortium of State Courts, registration number 07-70 is the holder of a certificate from the University of the Arizona Institute of Court Interpretation, as well as from the Institute for Interpreters and Translators in Monterey Cal., and is a member of the National Association of Judicial Interpreters and Translators, of the American Translators Association, the Colorado Association of Professional Interpreters and the Colorado Translators Association

Signature: */s/ Bety Ziman*   Date: 11/21/22

    Bety Ziman

    255 S. Holly St.

    Denver, CO 80246