**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 22-cr-00264-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**JAVIER FERNANDO TORRES-FLORES**

    Defendant.

---

**DEFENDANT JAVIER FERNANDO TORRES-FLORES OBJECTIONS TO THE PRE-SENTENCE REPORT**

---

The Defendant, Javier Fernando Torres-Flores, by and through his attorney Lindsay Brown, submits the following objections to the Pre-Sentence Report. The objections will reference the paragraph number of the Pre-Sentence Report which Mr. Torres-Flores is requesting be corrected:

1. Paragraphs 21-22. Mr. Torres-Flores objects to the application of an eight-point increase pursuant to §2L1.2(b)(3)(B) for the sentence referenced in Paragraph 22. The referenced sentence was imposed when Mr. Torres-Flores was seventeen years old. Although Application Note (1)(B) to §2L1.2 considers whether the conviction is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted, it otherwise excludes convictions committed before a defendant was eighteen years of age. While many states have made legislative changes to raise the age of juvenile court jurisdiction to eighteen, only three states – Georgia, Texas, and

1

Wisconsin -- still automatically prosecute seventeen-year-olds as adults.[1] Since 2011, eleven states have passed legislation raising the minimum age of adult prosecution to at least eighteen, but Wisconsin, Georgia, and Texas continue to lag behind.[2] Counsel for Mr. Torres-Flores will submit a sentencing memorandum to the court setting forth, among other things, legal argument that this conviction from when he was a juvenile should not be used to increase his offense level by eight points. Rather, Mr. Torres-Flores submits that a six-point increase pursuant to §2L1.2(b)(3)(C) for the conviction in 17-cr-00010-RBJ that resulted in a sentence of 21 months imprisonment is the more appropriate application.

    2.   Paragraph 23. Mr. Torres-Flores objects to the eight-point increase pursuant to pursuant to §2L1.2(b)(3)(B) and submits rather that the Base Offense Level should be increased by six points pursuant to §2L1.2(b)(3)(C).

    3.   Paragraph 27. For the reasons stated above, Mr. Torres-Flores submits the Adjusted Offense Level should be 14.

    4.   Paragraph 31. For the reasons stated above, Mr. Torres-Flores submits the Total Offense Level should be 11.

    5.   Paragraph 33. Mr. Torres-Flores objects to the application of three points to his criminal history score for the offense committed when he was seventeen years old. For reasons similar to those outlined in ¶ 1, this conviction should not qualify as an adult conviction under §4A1.2(d)(1). Mr. Torres-Flores asserts with regard to the description

---

[1] The National Conference of State Legislatures, *Juvenile Age of Jurisdiction and Transfer to Adult Court Laws*, Updated April 8, 2021, located at Juvenile Age of Jurisdiction and Transfer to Adult Court Laws (ncsl.org) (last checked January 18, 2023).

[2] American Civil Liberties Union of Wisconsin, *Wisconsin Should Stop Prosecuting 17-year-olds as Adult*, May 24, 2021, located at Blog: "Wisconsin Should Stop Prosecuting 17-year-olds as Adults" | ACLU of Wisconsin (aclu-wi.org) (last checked January 18, 2023).

of the offense that although he was present with others who committed burglaries and knew what they were doing he consistently denied entering any building or personally committing a theft.

6. Paragraph 38. Mr. Torres-Flores objects to the application of a criminal history category of IV. Considering the argument made above, and in agreement with the points outlined in the Pre-Sentence Report at Paragraphs 35 and 37, he submits that his total criminal history score should be five. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of five establishes a criminal history category of III.

7. Paragraph 82. Mr. Torres-Flores objects to the guideline calculation as stated. He asserts that a total offense level of 11 and a criminal history category of III should be applied, resulting in a guideline imprisonment range of 12-18 months.

DATED this 20th day of January 2023.

Respectfully submitted,

s/ Lindsay Brown

Lindsay Brown, Atty Reg No. 41212
2nd-Chair, LLC
1600 Stout Street Suite 1400
Denver, CO 80202
Telephone: 303-868-5170
LindsayR@2nd-chair.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2023, I filed the foregoing Notice of Disposition with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the court and following parties:

AUSA Albert Buchman
United States Attorney's Office – District of Colorado

Ryan Kinsella
United States Probation Officer -- District of Colorado

s/ Lindsay Brown
Lindsay Brown
2nd-Chair, LLC
Denver, Colorado

4