IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00264-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**JAVIER FERNANDO TORRES-FLORES**

    Defendant.

---

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE
PURSUANT TO U.S.S.G. §4A1.3(b)**

---

The Defendant, Javier Fernando Torres-Flores, by and through his attorney Lindsay Brown, respectfully submits this Motion for Downward Departure Pursuant to §4A1.3(b) of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). For the reasons set forth herein, Mr. Torres-Flores respectfully requests that the Court grant the motion for downward departure and impose a sentence below the advisory guideline range.

    **I.**    **RELEVANT BACKGROUND INFORMATION**

1. On June 6, 2022, Mr. Torres-Flores was arrested by Mountain View Police based on an active warrant in Denver Municipal case no. 20GS001321 and a supervised release violation warrant issued in United States District Court case no. 17-cr-00010-

1

RBJ-02. He has remained in continuous custody of the United States Marshals since that time.[1]

2. On August 17, 2022, an Indictment was filed charging Mr. Torres-Flores with a single count of Illegal Re-entry After Removal Subsequent to Aggravated Felony Conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). (ECF Doc. 1). On November 28, 2022, he pled guilty to the sole count as part of a plea agreement. (ECF Doc. 23). Sentencing is scheduled for February 24, 2023.

3. The Pre-Sentence Report ("PSR") calculated an applicable guideline range of 24-30 months based on a Total Offense Level of 13 and Criminal History Category IV. (ECF Doc. 25-1 at p. 2).

4. The Total Offense Level included an eight-point increase pursuant to U.S.S.G. §2L1.2(b)(3)(B). (ECF Doc. 25 at p. 6). U.S.S.G. § 2L1.2(b)(3)(B) requires the addition of eight points to the Base Offense Level "if, after the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct that, at any time, resulted in....(B) a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was two years or more…" Application Note (1)(B) to U.S.S.G. §2L1.2(b)(3)(B) limits its applicability to only those offenses "committed before the defendant was 18 years of age unless such conviction is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted."

5. As noted in the PSR, Mr. Torres-Flores was first ordered removed from the United States in 2012. (ECF Doc. 25 at p. 11). In 2013, he was convicted of Burglary of

---

[1] Sentencing in this case is scheduled for February 24, 2023. As of that date, Mr. Torres-Flores will have been imprisoned for 263 days.

2

Habitation in Harris County, Texas, ("the Harris County case") and sentenced to two years in prison.[2] (ECF Doc. 25 at p. 7). At the time he was arrested, convicted, and sentenced, Mr. Torres-Flores was 17 years old. Texas is one of only three states in the country that automatically prosecutes 17-year-olds as adults.[3]

6.  If the Court excluded consideration for convictions sustained before Mr. Torres-Flores was 18 years old, the Base Offense Level would be adjusted by six points pursuant to U.S.S.G. §2L1.2(b)(3)(C) for the offense committed in 17-cr-00010-RBJ-02, rather than eight points for the Harris County case. The result would be a Total Offense Level of 11 rather than 13.

7.  Relevant here, Mr. Torres-Flores' criminal history score was materially impacted by the Harris County case. The PSR applied three points for the Harris County case as an "adult conviction" pursuant to U.S.S.G. §4A1.1(a) and 4A1.2(d)(1). (ECF Doc. 25 at p. 7). Had the Harris County case been adjudicated in juvenile court, it would not count as an adult conviction and would be subject to the calculations set forth in §4A1.2(d)(2), resulting in the addition of zero points to Mr. Torres-Flores's criminal history score.[4]

8.  If the Court excluded the Harris County case from consideration, the criminal history score would be five and equate to a Criminal History Category III. Using the Harris County case to amplify Mr. Torres-Flores's criminal history score dramatically

---

[2] As reflected in the PSR, Mr. Torres-Flores sustained two separate convictions for the same crime, for which he was sentenced simultaneously. Collectively, these cases are referred to herein as the "Harris County case." (ECF Doc. 25 at p. 7).
[3] The National Conference of State Legislatures, *Juvenile Age of Jurisdiction and Transfer to Adult Court Laws*, Updated April 8, 2021, located at https://www.ncsl.org/civil-and-criminal-justice/juvenile-age-of-jurisdiction-and-transfer-to-adult-court-laws (last checked February 1, 2023.
[4] U.S.S.G. §4A1.2(d)(2) provides for the addition of criminal history points for juvenile adjudications "provided the defendant was released from confinement within five years of the instant offense." Because the Defendant was released from confinement in the Harris County case more than five years ago, it would not result in points added to his criminal history score.

3

overstates the seriousness of his criminal history relative to other offenders whose scores include "adult convictions" as that term is used across most of the country.

9. The impact of the Harris County case on the guideline calculation in this matter was significant. By excluding it, the Total Offense Level would be 11 and Criminal History Category would be III, resulting in a guideline range of 12-18 months – materially lower than the range contemplated in the PSR. Even if the Harris County case was simply removed from the criminal history analysis, the guidelines would be reduced to 18-24 months.[5]

10. Because the inclusion of the Harris County case over-represents the seriousness of his criminal history and unfairly amplifies his total score, Mr. Torres-Flores seeks a downward departure under U.S.S.G. §4A1.3(b) such that the guideline range is calculated using Criminal History Category III.

## II.     APPLICABLE LAW

11. Under the Guidelines, a district judge may grant a downward departure "[i]f reliable information indicates that the defendant's criminal history category substantially overrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes…". U.S.S.G. § 4A1.3(b); *see U.S. v. Angel-Guzman*, 506 F.3d 1007 (10th Cir. 2007).

12. Downward departures under the Guidelines are warranted only when "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the

---

[5] This is produced from applying the result for a Total Offense Level 13 and Criminal History Category III. Because the nature of this request for downward departure does not include the impact of the conviction on the offense level, this is the more appropriate measure of the impact of the Harris County case for purposes of this analysis.

4

guidelines that should result in a sentence different from that described." U.S.S.G. § 5K2.0; *see United States v. Sierra-Castillo*, 405 F.3d 932, 939 (10th Cir. 2005). If a particular factor is already fully taken into account by the Guidelines, a downward departure based on that factor is inappropriate. *United States v. Kelly,* 1 F.3d 1137, 1140–41 (10th Cir.1993) ("If the sentencing court departs based on a circumstance already fully considered by the Sentencing Commission, it is an inappropriate grounds for departure."); *see United States v. Whiteskunk,* 162 F.3d 1244, 1248–50 (10th Cir.1998).

13. When determining whether to invoke a departure based on inadequacy of criminal history, courts look at whether the facts in a given case implicate "unusual circumstances." *See e.g.*, *United States v. Fletcher*, 15 F.3d 553 (6th Cir. 1994) (upholding downward departure under §4A1.3 due to age of prior convictions, time intervening between convictions, and defendant's attempts to deal with drug and alcohol problems).

14. The purpose of section §4A1.3 is to allow a district court to deviate from the otherwise applicable guideline range where a defendant's criminal history, likelihood of recidivism, or both differ significantly from the typical offender for whom the applicable criminal history category was formulated. *See U.S. v. Collins*, 122 F.3d 1297, 1304 (10th Cir. 1994) (superseded by statute as stated in *U.S. v. Aaron*, 790 Fed.Appx. 150 (10th. Cur 2019)). In other words, a district court may depart when a defendant's criminal past or likely criminal future removes the defendant from the "heartland" of the applicable criminal history category. *See id*; *see also United States v. Robertson*, 568 F.3d 1203

(10th Cir. 2009) (upholding upward departure where unique factors place a defendant outside of the guidelines heartland).

15. Factors courts have looked at to determine if a departure based on overrepresented criminal history is appropriate include but are not limited to: offender characteristics that bear upon a defendant's criminal history or likelihood for recidivism, including the defendant's age; age of prior convictions; the length and scope of an offender's criminal career; seriousness of prior convictions, and more. *See U.S. v. Collins, supra*.

### III.   ARGUMENT

16. Texas's unusual treatment of juvenile offenders vis-à-vis nearly every other state in the union produces a unique and unfair result in this case that is not adequately accounted for elsewhere in the Guidelines. As explained above, had the Harris County case been adjudicated in juvenile court, the impact of that case on the sentencing guidelines in this case would be significantly diminished. This creates an arbitrary difference between Mr. Torres-Flores and a similarly situated defendant who is placed in a Criminal History Category IV based on crimes committed as an adult, as the term is used throughout most of the country. Therefore, Mr. Torres-Flores's criminal history is mitigated compared to other defendants placed in a Criminal History Category IV when referencing offenses committed on or after the age of 18.

17. As explained in a different context, "Congress did not intend the guidelines to treat juveniles accused of the same crime and with otherwise identical criminal histories differently from each other simply because different states call their juvenile proceedings by different names." *U.S. v. Lake*, 198 Fed.Appx.788 (10th Cir. 2006)

(*citing United States v. David A.*, 436 F.3d 1201, 1213 (10th Cir.2006)). It is therefore troubling that the current state of the law allows adult offenders to be treated differently based on conduct committed as a juvenile when that juvenile conduct is labeled differently by different states.

18. The disparate treatment of juveniles versus adults in criminal court is based on a growing understanding of the relevant neurological and social-emotional differences that bear upon one's assessment of things such as risk. The United States Supreme Court continues to broaden and strengthen its rulings that "children are constitutionally different from adults in their level of culpability." *Montgomery v. Louisiana*, 577 U.S. 190 (2016). That is, "juveniles have diminished culpability." *Miller v. Alabama*, 567 U.S. 460 (2012). The Court's decisions in this series increasingly rest "not only on common sense—on what any parent knows"—but on "science and social science" including an "ever-growing body of research in developmental psychology and neuroscience." *Id*. at 471 & n.5. The research shows that "[c]ompared with adults, juveniles are less able to restrain their impulses and exercise self-control; less capable of considering alternative courses of action and avoiding unduly risky behaviors; and less oriented to the future and thus less attentive to the consequences of their often-impulsive actions."[6] *Id.*

19. Mr. Torres-Flores should not be held more accountable and subject to a more severe sentence in this case simply because a prior offense was prosecuted in adult court when it would have, in most other states, been prosecuted in juvenile court and excluded from the criminal history analysis. This is the sort of unusual and unique inequity that places Mr. Torres-Flores outside of the "heartland" of the applicable

---

[6] Brief for the American Psychological Association, American Psychiatric Association and National Association of Social Workers as Amici Curiae in Support of Petitioners at 3-4, *Miller*, 567 U.S. at 460.

criminal history category.

20. The best way to right this obvious inequity is to grant a downward departure pursuant to §4A1.3(b), thereby treating the Harris County case like a juvenile conviction for purposes of calculating an appropriate criminal history score. As a result, Mr. Torres-Flores would be categorized as a Criminal History Category III, which materially alters the guideline analysis such that, if nothing else changed, the range of imprisonment would be 18-24 months.[7]

21. This range more appropriately captures the relative severity of Mr. Torres-Flores's criminal history as compared to other similarly situated offenders before the court.

DATED this 3rd day of February 2023.

Respectfully submitted,

*s/ Lindsay Brown*

Lindsay Brown, Atty Reg No. 41212
2nd-Chair, LLC
1600 Stout Street Suite 1400
Denver, CO 80202
Telephone: 303-868-5170
LindsayR@2nd-chair.com

---

[7] This range considers an Offense Level 13 and Criminal History Category III. It does not factor in the Government's request for a one-level downward departure pursuant to 5K3.1, which was filed by the government on January 25, 2023. (ECF Doc. 28). Likewise, it does not factor in any argument made by the Defendant in any other sentencing statement concerning the range to be applied under §3553(a).

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2023, I filed the foregoing Notice of Disposition with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the court and following parties:

AUSA Albert Buchman
United States Attorney's Office – District of Colorado

s/ Lindsay Brown
Lindsay Brown
2nd-Chair, LLC
Denver, Colorado
