# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-00264-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAVIER FERNANDO TORRES-FLORES,

    Defendant.

---

## RESPONSE TO THE DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

---

The United States, by and through Cole Finegan, United States Attorney for the District of Colorado, and Albert Buchman, Assistant United States Attorney, respectfully responds in opposition to the defendant's Motion for Downward Departure Pursuant to USSG § 4A1.3, ECF 33.

The defendant seeks a downward departure pursuant to USSG § 4A1.3, which permits a departure in consideration that the defendant's criminal history category substantially overrepresents the serious of his history or the likelihood that he will commit other crimes. His argument boils to: because of "Texas's unusual treatment of juvenile offenders . . . produces an unique and unfair result," the Harris County convictions should be treated as juvenile convictions.[1] *See* ECF 33, ¶ 16. Because of that unfairness, he argues that the Court should award a departure that excludes the convictions (which

---

1    Those convictions: 248th District Court (Harris County, TX) case nos. 1374862 and 1374862, ECF 31, ¶¶ 33, 34

would time-out per § 4A1.2(d)(2)(A) if they were truly juvenile convictions) and thus a departure should reflect a criminal history category of III instead of the IV calculated by probation. *See id.* ¶¶ 8, 20. The government disagrees.

I.

The defendant's request is founded on singling out Texas law as unfair. Without debating the morality of Texas law, specifically Tex. Fam. Code § 51.02 (definition of child ends at age 17), the government asserts that the guidelines already account for jurisdictional differences in juvenile law. In the application of the guidelines per 18 U.S.C. § 3553(b), a sentencing court may depart from the guidelines only if it finds aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission … the court shall only consider the sentencing guidelines, policy statements, and official commentary." *United States v. White*, 893 F.2d 276, 277-78 (10th Cir. 1990).

Here, the Sentencing Commission's Application Note 7 to § 4A1.2 plainly acknowledges that it considered jurisdictional differences in classification of juveniles: "to avoid disparities from jurisdiction to jurisdiction in the age at which a defendant is considered a "juvenile," this provision applies to all offenses committed prior to age eighteen." *See* ECF 31, ¶¶ 33, 34 (applying § 4A1.2(d)(1) to the Harris County convictions, not § 4A1.1). Furthermore, the criminal history point structure for offenses committed prior to age eighteen under § 4A1.2(d) differs from the structure for adult convictions under § 4A1.1. The Sentencing Commission imposed certain time limits for adult sentences imposed for defendants under age eighteen under § 4A1.2(d),

acknowledging that only prison sentences exceeding one year and one month are serious enough to warrant three points. Thus, the Sentencing Committee took into consideration the situation with which the defendant takes issue. The Court should decline to depart on this basis.

II.

The defendant also argues that he would have been prosecuted in juvenile court in most any other state, and in making that argument he essentially argues that this Court should resentence his Harris County cases according to juvenile laws of 47 other states in assessing a departure. *See* ECF 33, ¶ 19. This is an impossible exercise. Fundamentally, states classify criminal conduct and penalties differently in every sphere of life, and these differences can and do impact the guidelines in immeasurable permutations in any case.[2] Adding to the complexity of the diversity in states' juvenile and adult laws, judges in all states likely have immense discretion in imposing sentences within their criminal frameworks, and convictions for the same conduct in different states can lead to different point assessments under the guidelines.[3] The government also surmises that state prosecutors have immense discretion in many states to seek charges and convictions that ultimately generate criminal history points, including the decision to seek adult penalties where defendants are younger than 18 years old. *See* C.R.S. § 19-2.5-802 (Colorado's transfer law). To engage in the exercise the defendant seeks, the Court would have to assume prosecutors in any other state would not have sought adult

---

2   For example, what if the defendant had been convicted of a crime in one state instead of a state that does not criminalize the same criminal conduct.
3   For example, what If the Harris County judge had imposed prison of less than one year and one day? The defendant's convictions would then have also timed-out under § 4A1.2(d)(2).

penalties in the defendant's cases, another speculative dead-end. Rather, the simpler analysis is that it was the *defendant's choice* to commit crimes in Texas that leads to the assessment of criminal history points here, not Texas' choice to classify 17 year-olds as adults, or the prosecutor's choice to seek or the judge's decision to impose a two-year prison sentence.

III.

The defendant's criminal history score reflecting the Harris County convictions does not over-represent the seriousness of the defendant's criminal history of likelihood that he will commit other crimes. Fundamentally and intuitively, burglaries of homes are serious crimes, as they violate people's feelings of security and safety in their private spaces. Whether the defendant was a principal or a complicitor in his burglary convictions, he engaged in not one but two serious crimes fewer than 10 years ago, and his criminal history category should reflect so. Furthermore, the defendant has demonstrated a likelihood that he will commit other crimes. Within four years of his Harris County convictions, the defendant was convicted of felony drug charges in District of Colorado Case No. 17-cr-00010-RBJ. His Harris County sentences unfortunately did not deter him from continued serious criminal conduct. It also appears that he was removed from the United States after the Harris County sentences, and that removal (nor the removal after his federal felony case), did not impress upon him the legal requirement to not reenter the county, the felonious criminal conduct being sentenced in the instant case. *See* ECF 31, ¶ 57 (removed on February 9, 2015, and July 5, 2018, corresponding the completion of

his felony sentences). In light, departing in a manner that excludes the convictions, as the defendant proposes, would serve to under-represent his criminal history.

Dated this 13th day of February, 2023,

                              Respectfully submitted,

                              COLE FINEGAN
                              United States Attorney

By:   s/ *Albert Buchman*
       ALBERT BUCHMAN
       Assistant United States Attorney
       United States Attorney's Office
       1801 California St., Suite 1600
       Denver, Colorado 80202
       Phone:  (303) 454-0203
       Fax:  (303) 454-0405
       E-mail: al.buchman@usdoj.gov
       Attorney for the United States

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 13, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

                                                                     By:    s/ *Lauren Timm*
                                                                              Lauren Timm
                                                                              Legal Assistant
                                                                              United States Attorney's Office