IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00264-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JAVIER FERNANDO TORRES-FLORES,

       Defendant.

## RESPONSE TO THE DEFENDANT'S MOTION FOR VARIANCE

The United States of America, by and through Cole Finegan, United States Attorney for the District of Colorado, and Albert Buchman, Assistant United States Attorney, respectfully submits this response to the defendant's Motion for Variance Pursuant to 18 U.S.C. § 3553(a), which requests a sentence of 10-16 months' imprisonment and an unspecified term of supervised release. ECF 35. In opposition, the government requests a bottom-of-the-guidelines sentence of 21 months' imprisonment with three years' supervised release. This recommendation assumes the PSR's calculations are correct and that the defendant has a total offense score of 12 (after a fast-track departure) and a criminal history category of IV.[1] See ECF 31, ¶¶ 21-38.

---

1     Should the Court grant the defendant's request for downward departure per USSG § 4A1.3, ECF 33, over the government's objection, the government will recommend the bottom of the Court's finally calculated advisory guideline per the plea agreement, ECF 23.
     Also per the plea agreement, the government anticipates recommending four months' imprisonment consecutive to the instant case in the defendant's companion supervised release revocation,

1

**I.   A 21-month prison sentence is justified under § 3553(a).**

Contrary to the defendant's request for 10-16 months',[2] a bottom guidelines sentence of 21 months' imprisonment, if imposed, is justified to promote the defendant's compliance with civil immigration laws, deter him from future reentry and criminal conduct.

At its root, 8 U.S.C. § 1326 is a deterrence statute promulgated to enforce civil immigration regulation. *See e.g.*, *See e.g.*, *United States v. Hernandez-Baide*, 392 F.3d 1153, 1158 (10th Cir. 2004), overruled on other grounds by *Hernandez-Baide v. United States*, 544 U.S. 1015 (2005); *United States v. Hernandez-Guerro*, 147 F.3d 1075, 1078 (9th Cir. 1998). The defendant has been previously removed from the United States two times, after which he returning to the United States twice in defiance of immigration orders. ECF 31, ¶ 57. Imposing the defendant's requested prison sentence of 10-16 months would be a windfall—he did not learn after his previous felony convictions that resulted in removals, and imposing a lesser sentence would only serve to embolden him to defy the law further. *See id.* ¶ 57 (removed on February 9, 2015, and July 5, 2018, corresponding to the completion of his felony sentences). This reasoning is heightened in context of the defendant's strong ties to the United States and also due to the fact he defied his federal supervised release in District of Colorado 17-cr-00010-RBJ by

---

District of Colorado Case No. 17-cr-00010-RBJ. This recommendation is based on an anticipated admission to a Grade C violation with a Criminal History Category of II, USSG § 7B1.4(a).

2   The government notes the defendant's minor miscalculation in this range. In the abstract, if the Court granted a six-point enhancement, the defendant's total offense level would be 14. However, he would not be eligible for the additional one-level decrease pursuant to USSG § 3E1.1(b) because the offense level is not 16 or greater. *See* ECF 23, fn. 1. After other likely decreases, the offense level would be 11, not 10.

reentering. *Id.* ¶¶ 50-53 (ties), 35 (violation due to failure to comply with special condition to not reenter).

To the contrary of his arguments, a guideline sentence is justified to promote the defendant's compliance with civil immigration laws and is just punishment that impresses upon him the requirement to remain outside the United States or seek a lawful route to reentry. 18 U.S.C. § 3553(a)(2)(A) and (B). The defendant is a young man with time to correct his behavior, and the government sincerely hopes the sentence here motivates him to change his circumstances before he is caught in the cycle of illegal reentries.

The government is concerned with the defendant's criminal conduct while in the United States regardless of whether he was charged as an adult or juvenile. *See* ECF 35, p. 6 (the defendant's unfairness argument against Texas law), *see also* ECF 33 (same). During his time, he has incurred two state felonies for burglary of a habitation and one federal felony for drug distribution. ECF 31, ¶¶ 33-35. The defendant's argument that he turned to criminal activity to support himself is outweighed by the seriousness of his conduct and the impact that his actions likely have had on society. *See* ECF 33, p. 6. Rather, a guidelines sentencing serves to deter the defendant from his continuing criminal conduct and also to protect the public per 18 U.S.C. § 3553(a)(2)(B) and (C).

The government is sympathetic to the defendant's life events in Honduras. ECF 33, pp. 5-6, 7-8; ECF 31, ¶¶ 42-49. However, the government reasons that the majority of those who cross the borders illegally into the United States have similar safety motivations. In the same vein, undoubtedly an even greater number of people in other countries have similar motivations but do not defy laws to illegally to cross borders. The

defendant's mitigation, which is admittedly heart-wrenching, is best accounted for by imposing a sentence at the bottom of the advisory guideline range, not higher.

## II.  A three-year supervised release term is justified.

The government agrees with probation's request for a three-year supervised release term including a special condition be imposed that the defendant remain outside of the United States. *See* ECF 31-1. The term is also justified to promote deterrence under 18 U.S.C. §§ 3583(c), 3583(d), and 3553(a)(2)(B).

## III.  Conclusion

The government respectfully requests that the Court deny the defendant's request for a variance.

Dated this 13th day of February, 2023.

    Respectfully submitted,

    COLE FINEGAN
    United States Attorney

    *s/ Albert Buchman*
    ALBERT BUCHMAN
    Assistant United States Attorney
    United States Attorney's Office
    1801 California Street, Suite 1600
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    E-mail: al.buchman@usdoj.gov
    Attorney for the Government

## CERTIFICATE OF SERVICE

      I hereby certify that on February 13, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

      *s/ Lauren Timm*
Lauren Timm
Legal Assistant
United States Attorney's Office